883 A.2d 348

IN THE MATTER OF HOWARD S. DIAMOND, AN ATTORNEY
AT LAW (ATTORNEY NO. 038031985).

October 7, 2005.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 05–080, concluding that **HOWARD S. DIAMOND** of **RANDOLPH**, who was admitted to the bar of this State in 1985, should be suspended from the practice of law for a period of one year for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to explain a matter to client), *RPC* 1.15(b) (failure to promptly deliver funds to client or third person), *RPC* 1.16( )(2) (failure to withdraw from representation where physical or mental condition impairs ability to represent client), and *RPC* 8.1(b) (failure to respond to requests of disciplinary authority);

And the Disciplinary Review Board having further concluded that the Office of Attorney Ethics should conduct an audit of respondent's attorney accounts to locate and ensure the distribution of $12,000 in the *Green* matter;

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to submit proof of his fitness to practice law and that on reinstatement, respondent should be required to practice under supervision;

And good cause appearing;

It is ORDERED that **HOWARD S. DIAMOND** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective November 1, 2005; and it is further

ORDERED that the Office of Attorney Ethics shall conduct an audit of respondent's attorney accounts to locate and ensure

disbursement of funds in the amount of $12,000 in the *Green* matter; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics until the further Order of the Court; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.